UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**DORU IONEL MIHAILOVICI**,                           Case No. 3:15-cv-01675-KI

               Plaintiff,                           OPINION AND ORDER

    v.

**WILLIAM S. SNYDER, JODY
PETERSEN, CITY OF NORTH PLAINS,
OREGON**,

               Defendants.


    Doru Ionel Mihailovici
    17485 NW Corey Rd.
    North Plains, OR 97133

        *Pro se* Plaintiff


    Steven A. Kraemer
    Leslie A. Edenhofer


Page 1 - OPINION AND ORDER

Kraemer & Edenhofer
P.O. Box 1469
Lake Oswego, OR 97035

       Attorneys for Defendants

KING, Judge:

    *Pro se* plaintiff Doru Ionel Mihailovici brings a civil rights complaint against North Plains Chief of Police William S. Snyder, Police Officer Jody Petersen and the City of North Plains for events that occurred between August 27, 2013 and September 6, 2013. Pending before me are defendants' Motion to Dismiss [25] and Request for Judicial Notice [27]. Plaintiff has not responded to either motion, but has requested the appointment of an attorney [28] and additional time to respond to the motions [29]. For the following reasons, I deny plaintiff's motion for an attorney, deny him additional time to respond to the motions, grant both of the defendants' motions, but allow plaintiff time to amend his complaint.

## ALLEGED FACTS

    Plaintiff alleges he complained to North Plains police officer Jessee Baker (not a named defendant) about excessive ticketing of drivers on August 27, 2013 and again on September 5, 2013. Plaintiff then asked defendant Officer Petersen how to make an official complaint on September 6, 2013. Officer Petersen called her chief, defendant Chief Snyder, who told the officer to arrest plaintiff. Plaintiff alleges he was doing nothing wrong and was merely exercising his First Amendment rights. Officer Petersen gave no reason for the arrest, but "used excessive force in arresting me, injuring my right shoulder." Compl. Claim I. Chief Snyder arrived, put plaintiff in a police van "using excessive force and further injuring [plaintiff's] right shoulder." *Id.* Plaintiff alleges he had to have surgery to treat the tears in his rotator cuff. The

operation and subsequent medical care cost $26,580.67.  He appears to allege constitutional

violations (First and Fourth Amendment) under section 1983, and a battery claim.  He also

alleges the City is liable because the officers were acting according to the City's custom, policy

or practice.

## LEGAL STANDARDS

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  A claim rises above the speculative level "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The Court is required to "assume the

veracity" of all well-pleaded factual allegations. *Id.* at 678.  Thus, "for a complaint to survive a

motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.

Secret Serv.*, 572 F.3d 962, 929 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663).  A complaint "may

not simply recite the elements of a cause of action, but must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state

a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Engebretson v. Mahoney*, 724 F.3d 1034, 1037 (9th

Cir. 2013) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).  The court should

allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

## DISCUSSION

I.  <u>Defendants' Request for Judicial Notice</u>

In support of their motion to dismiss, defendants ask me to take judicial notice of two documents. The first is the misdemeanor complaint charging plaintiff with a violation of ORS 162.247, Interference with a Peace Officer, from his arrest on September 6, 2013. The second is the judgment, which issued after a jury convicted plaintiff of interfering with a peace officer in the case of *State of Oregon v. Doru Ionel Mihailovici*, Washington County Circuit Court No. D133530M.

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). When determining whether a complaint fails to state a claim, a court may "consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Accordingly, I grant defendants' request and take judicial notice of the misdemeanor complaint and the judgment.

II.    Defendants' Motion to Dismiss

Defendants seek to dismiss the complaint on the following grounds:  the two-year statute of limitations bars plaintiff's section 1983 claim, in part; plaintiff fails to state a First Amendment retaliation claim; plaintiff fails to state a cause of action for a Fourth Amendment excessive force claim; plaintiff fails to state a policy, practice or procedure claim against the City; the defendants are entitled to qualified immunity; and plaintiff failed to file an Oregon Tort Claims Act notice for his battery claim.

A.    First Amendment Retaliation Claim

Defendants assert plaintiff fails to allege they violated any of his constitutional rights. First, plaintiff fails to allege Officer Petersen knew about plaintiff's earlier complaints to Officer Baker, and fails to allege either Officer Petersen or Chief Snyder knew about plaintiff's prior complaints to Officer Baker, had any intent to chill plaintiff's speech, or did in fact chill plaintiff's speech.  Additionally, defendants note plaintiff was arrested and convicted of interfering with a peace officer, which they say precludes plaintiff's retaliation claim. Defendants argue plaintiff's conviction means his claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1993).  Finally, defendants contend that in any event they are entitled to qualified immunity.

1.    Elements of a First Amendment Retaliation Claim

"To demonstrate retaliation in violation of the First Amendment, [plaintiff] must ultimately prove first that [defendants] took action that 'would chill or silence a person of ordinary firmness from future First Amendment activities.'"  *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d

1283, 1300 (9th Cir. 1999)).  Additionally, plaintiff must demonstrate that defendants' "desire to chill his speech was a but-for cause of their allegedly unlawful conduct."  *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013).

Plaintiff alleges he asked Officer Petersen how to make an official complaint.  He alleges Officer Petersen contacted Chief Snyder, who told Officer Petersen to arrest plaintiff.  He alleges he did nothing wrong and that Officer Petersen gave no reason for the arrest.  Finally, he alleges both officers arrested him "to punish me for my prior complaints[.]"  Compl. 4.

There are several problems with plaintiff's First Amendment retaliation claim.  First, with respect to Officer Petersen, no facts alleged in the complaint indicate she was motivated to retaliate against plaintiff; indeed, plaintiff alleges Chief Snyder *directed* Officer Petersen to arrest plaintiff.  Further, with respect to Chief Snyder, plaintiff does not allege Chief Snyder knew plaintiff asked how to file a formal complaint, nor does plaintiff allege either officer knew about his earlier complaints to Officer Baker.  Plaintiff simply does not connect the dots–his protected conduct and his arrest–with any facts.  In short, while "allegation[s] of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal," plaintiff has not plead sufficient facts from which I can infer retaliation to survive dismissal.  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[1]  Additionally, as the misdemeanor complaint and conviction demonstrate, it appears probable cause supported plaintiff's arrest.  While "probable cause is not

---

[1]*Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) is inapposite.  *Hartman* involved a claim of retaliatory prosecution and the Ninth Circuit has limited its holding to that "subcategory of retaliation claims."  *Skoog*, 469 F.3d at 1223; *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008).  Here, plaintiff is not alleging he was *prosecuted* for his protected conduct; rather, he alleges he was *arrested* for his protected conduct.

dispositive[,] . . . it undoubtedly ha[s] high probative force." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (citation and quotation marks omitted).

Finally, with respect to the probable cause to arrest plaintiff, and his subsequent conviction, the Supreme Court's *Heck v. Humphrey*, 512 U.S. 477 (1994) decision may bar plaintiff's claim. In *Heck*, the Supreme Court held a section 1983 claim that calls into question the lawfulness of a conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489. Plaintiff was convicted of interference with a peace officer, which involves intentionally acting in a manner that "prevents, or attempts to prevent, a peace officer . . . from performing the lawful duties of the officer with regards to another person" or refusing "to obey a lawful order by the peace officer[.]" ORS 162.247. However, because plaintiff's allegations are not completely fleshed out, and because defendants do not offer the factual basis for plaintiff's conviction, it is possible the facts supporting a First Amendment retaliation claim were not the basis for his conviction. *See Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011) (multiple "factual contexts" can exist during "one continuous chain of events"); *see also American News & Info. Servs., Inc. v. Gore*, No. 12-cv-2186-BEN (KSC), 2014 WL 4681936, at *7 (S.D. Cal. Sept. 18, 2014) (court lacked information to assess whether plaintiff's First Amendment retaliation claim was barred by *Heck*). However, if plaintiff's intention is to challenge his arrest or the probable cause related to his arrest, he has no cause of action until he can demonstrate his conviction has been overturned.[2]

---

[2] Whether *Heck* applies will affect the accrual date of plaintiff's claim. For this reason, I decline to rule on defendants' argument that plaintiff alleges conduct outside the statute of

(continued...)

In sum, plaintiff has leave to amend his complaint to allege sufficient facts to support this cause of action. Plaintiff is warned that he must have very strong evidence of retaliatory motive where there is very strong evidence of probable cause, *see Dietrich*, 548 F.3d at 901, and that his claim may well be subject to the *Heck* bar.

### 2. Qualified Immunity

"Government officials who perform discretionary functions generally are entitled to qualified immunity from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There are two relevant prongs. The first inquiry asks whether the plaintiff alleged or has shown a violation of a constitutional right. The second inquiry asks whether the constitutional right was clearly established at the time of the defendant's conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may address the prongs in either order. *Id.* at 242.

Defendants assert the qualified immunity defense only as to plaintiff's First Amendment retaliation claim. Because I am allowing plaintiff leave to amend his complaint to correct his pleading deficiencies, which will help to clarify application of the two prongs, I do not address defendants' assertion of qualified immunity at this time. *See Ford*, 706 F.3d at 1195 (defendants had fair notice not to jail plaintiff for exercising his First Amendment rights, even if they had

---

[2](...continued)
limitations (e.g. plaintiff's August 27, 2013 complaint about excessive ticketing). *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014) (claim accrued when conviction or sentence was invalidated).

probable cause); *Skoog*, 469 F.3d at 1235 (individual has right to be free from retaliation, even if probable cause existed); *Martin v. Naval Criminal Investigative Serv.*, 539 F. App'x 830, 832 (9th Cir. 2013) (unpublished) ("Our precedent has long provided notice to law enforcement officers 'that it is unlawful to use their authority to retaliate against individuals for their protected speech,' . . . 'even if probable cause exists for' the challenged law enforcement conduct[.]") (quoting *Ford*, 706 F.3d at 1195 and *Skoog*, 469 F.3d at 1235); *but see Acosta v. City of Costa Mesa*, 718 F.3d 800, 825 (9th Cir. 2013) (per curiam) (officers entitled to qualified immunity for arresting plaintiff when the arrest was supported by probable cause); *American News & Info. Servs, Inc.*, 2014 WL 4681936, at *9 (*Acosta* precluded a finding that "the statutory or constitutional question [was] beyond debate"); *Morse v. San Francisco Bay Area Rapid Transit Dist. (BART)*, No. 11-56717,  2014 WL 572352, at *11-12 (N.D. Cal. Feb. 11, 2014) (rejecting notion that *Acosta* could overrule *Skoog*); *Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012) (Supreme Court has never held there was a specific right to be free from retaliatory arrest supported by probable cause).

  Defendants' motion to dismiss on the basis of qualified immunity is denied, with leave to renew.

  B. <u>Fourth Amendment Excessive Force Claim</u>

  To state an excessive force claim, plaintiff must allege facts showing that the officers' conduct was "objectively [un]reasonable in light of the facts and circumstances confronting them[.]"  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  The Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine

whether it was constitutionally reasonable." *Miller v. Clark Co.*, 340 F.3d 959, 964 (9th Cir.

2003).

Plaintiff fails to allege any facts at all to support his naked allegation that defendants used

excessive force in arresting him.  Plaintiff must allege "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570.  Since plaintiff could cure this pleading

deficiency by amending his complaint, I allow him time to do so.


C.    Policy, Practice or Procedure *Monell* Claim

When a plaintiff seeks to impose liability under 42 U.S.C. § 1983 against a municipality,

he must prove that a policy or custom existed that was the moving force behind the violation at

issue. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).  A "single

occurrence of [allegedly] unconstitutional action by a non-policymaking employee" does not

constitute a policy or custom.  *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).  Plaintiff

fails to allege the existence of a policy or custom that was the moving force behind the alleged

constitutional violations.  Defendants' motion is granted and this claim is dismissed.  If plaintiff

can, in good faith, allege sufficient facts to support this claim he may do so.

D.    Battery Claim

The Oregon Tort Claims Act ("OCTA") requires notice of a claim arising out of the

actions of officers, employees, or agents of a public body acting within the scope of their

employment be provided to and received by the public body "within 180 days after the alleged

loss or injury."  ORS 30.275(2)(b).  The requirement can be met via formal notice, actual notice,

or commencement of an action.  ORS 30.275(3)-(6).  Plaintiff bears the burden of demonstrating

compliance with the OTCA.  ORS 30.275(7).

Plaintiff fails to allege he provided formal or actual notice of his claim prior to filing this

lawsuit.  Failure to comply with the OTCA requires dismissal of a tort claim against a public

body.  *Denucci v. Henningsen*, 248 Or. App. 59, 66, 273 P.3d 148 (2012).  If plaintiff provided

notice of his claim pursuant to the OTCA, he should allege how he complied in his complaint.

Otherwise, plaintiff's battery claim must be dismissed.  *See* ORS 30.275(1) ("No action arising

from any act or omission of a public body or an officer, employee or agent of a public body . . .

shall be maintained unless notice of claim is given").

III.    Plaintiff's Motions

Plaintiff moves for the appointment of *pro bono* counsel on the basis that lawyers have

refused to take his case because they are afraid to be involved and because he cannot afford their

large fees.

Generally, a person has no constitutional right to counsel in a civil action.  *Palmer v.

Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th

Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1), this court may request volunteer

counsel for indigent plaintiffs upon a showing of exceptional circumstances.  *Palmer*, 560 F.3d at

970; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  In order to determine whether

exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the

merits, as well as his ability to articulate his claims *pro se* in light of the complexity of the legal

issues involved.  *Palmer*, 560 F.3d at 970; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103

(9th Cir. 2004); *Wood*, 900 F.2d at 1335.

Page 11 - OPINION AND ORDER

At this stage of the proceeding, plaintiff has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case. Consequently, I conclude that there are no exceptional circumstances warranting the appointment of counsel under § 1915(e).

Finally, because I am allowing plaintiff to amend his complaint, I find his request for extension of time moot. *Johnson*, 653 F.3d at 1011 (allow pro se plaintiff to amend complaint unless it would be impossible to cure the deficiencies by amendment).

## CONCLUSION

For the foregoing reasons, I grant defendants' Motion to Dismiss [25] and Request for Judicial Notice [27]. I deny Plaintiff's Motion for Appointment of Counsel [28] and Motion for Extension of Time [29]. Plaintiff has leave to amend his complaint. If plaintiff fails to amend the complaint within 30 days from the date of this order, I will dismiss the action for failure to state a claim.

IT IS SO ORDERED.

DATED this ___4th___ day of February, 2016.


  _/s/ Garr M. King_____
  Garr M. King
  United States District Judge

Page 12 - OPINION AND ORDER